UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DEMETRICE SPANN,

      Plaintiff,

v.

WALMART INC.,

      Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, WALMART INC. ("Defendant"), by and through its undersigned counsel, hereby gives notice that the civil action identified as *DEMETRICE SPANN V. WALMART INC.,* Case No.: 21-003279-CA-01, currently pending in state court in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("Eleventh Judicial Circuit"), is removed to this Court without waiving any rights to which Defendant may be entitled, and states:

**I.     REMOVAL IS TIMELY**

1.     On or about February 16, 2021, Plaintiff commenced this action against Defendant in the Eleventh Judicial Circuit. On March 10, 2021, Defendant's registered agent received, through service, a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* Return of Service, attached hereto as Exhibit "A."

2.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served. No orders have been signed by the state judge presiding over the State Court Action.

## II.     REMOVAL BASED ON DIVERSITY OF CITIZENSHIP IS PROPER

3. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     *Diversity of Citizenship Exists*

4. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.,* 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citations omitted).

5. Accepting the allegations in Plaintiff's Complaint as true, Plaintiff is a resident and citizen of the State of Florida. See Ex. A, Compl. ¶ 2.

6. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. First, Defendant Walmart Inc. is a corporation organized and existing under the laws of the State of Delaware. See Florida Department of State, Division of Corporations, Entity Details, attached hereto as Exhibit "B." Defendant Walmart Inc. is therefore a citizen of Delaware for diversity purposes.

8. Second, to determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Id.* A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

9. Here, Defendant Walmart Inc. has its principal place of business in Arkansas, and, accordingly, is a citizen of Arkansas for purposes of diversity. *See* Ex. B.

10. In summary, Defendant Walmart Inc. is a citizen of Arkansas and Delaware pursuant to § 1332(c)(1).

11. Accordingly, diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1) exists between Plaintiff (a citizen of Florida) and Defendant (a citizen of Delaware and Arkansas) at the time of filing this Notice of Removal.

### B. *The Amount In Controversy Has Been Met*

12. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

13. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover"); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (same). In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's self-serving

representations that the value of his claims is indeterminate. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

15. A plain reading of Plaintiff's Complaint – together with the jurisdictional allegations herein – demonstrate that the amount in controversy exceeds the sum of $75,000.00, and thus meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

16. Specifically, Plaintiff alleges in his Complaint that Defendant discriminated against him on the basis of his race and national origin, and that Defendant retaliated against him for engaging in a protected activity under the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA"). *See* Ex. A, Compl. ¶1.

17. Plaintiff claims to have suffered "irreparable injury and compensable damages as a result of Defendant's discriminatory practices," including lost wages and benefits, front pay, compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; punitive damages, and reasonable attorneys' fees. *See* Ex. A, Compl. WHEREFORE Paragraph, Counts I, II, and III. Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to the FCRA. *See* Fla. Stat. § 760.11(5).

18. With respect to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *See e.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sep. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back

pack from time of termination through expected trial date, noting that court may use its "judicial experience and common sense" in making that determination); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

19.    At the end of his employment, Plaintiff was paid on a salary basis and earned $53,764.36 per year ($1,033.93 per week) with Defendant at the time of his termination, which occurred on or about April 7, 2019. As of the date of this removal, it has been approximately 104 weeks since April 7, 2019. Accordingly, the amount of Plaintiff's back pay in controversy to date is approximately **$107,528.72**,[1] not including the value of benefits. Adding an additional 52 weeks of back pay to account for the expected time between now and trial (expected 1 year until trial), Plaintiff could recover approximately **$161,293.08** in total back pay.[2]

20.    Front pay further augments the amount of lost wages in this action. *See Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated

---

[1] $1,033.93 per week * 104 weeks = **$107,528.72**.
[2] $1,033.93 per week * 52 weeks = $53,764.36 + 107,528.72 = **$161,293.08** back pay in controversy through trial.

time of trial and crediting one year of front pay as a conservative measure of potential future lost wages); *Wineberger*, 672 F. App'x at 917 (approving inclusion of one year of front pay in amount in controversy calculation under FCRA); *see also Munoz v. Oceanside Resorts, Inc*., 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming district court's award including one year's worth of front pay in discrimination case). Thus, adding one year of front pay results in approximately $53,764.36 of lost wages, for a total of **$215,057.44** in back and front pay.[3]

21.     Additionally, district courts routinely include compensatory damages in the form of pain and suffering, which Plaintiff seeks in this case, in the jurisdictional amount as well. *See Estevez-Gonzalez v. Kraft, Inc*., 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide*, *Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding that complaint "clearly established" amount in controversy based on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). For instance, a judge in the Middle District of Florida included compensatory damages in the range of $5,000-$30,000 under the FCRA for purposes of calculating the amount in controversy, when the complaint merely alleged emotional distress in the nature of "that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons." *Wineberger*, 2015 WL 225760 at *4, *aff'd by Wineberger*, 672 F. Appx. at 917.  The Eleventh Circuit has held that objective medical testimony is not necessary to support an award of emotional distress damages under FCRA, and plaintiff's lay testimony concerning the emotional impact of illegal termination was itself sufficient to support such award. *See Munoz*,

---

[3] $161,293.08 back pay + $53,764.36 front pay = **$215,057.44**

223 F.3d at 1348 (affirming jury award of $150,000 for emotional distress caused by illegal termination under FCRA); *see also Bernstein v. Sephora, Div. of DFS Grp. L.P.*, 182 F. Supp. 2d 1214, 1228 (S.D. Fla. 2002) (finding compensatory damages of $75,000.00 was maximum recoverable in discrimination case when evidence consisted mainly of plaintiff's "own rather conclusory testimony about her general distress").

22. As a result, to the extent Plaintiff purports to seek emotional distress damages, **$15,000.00** for emotional pain and suffering is a conservative estimate to include in the amount in controversy calculation.[4]

23. Additionally, punitive damages must also be included in the amount in controversy, as they are recoverable under the FCRA. *See Holley Equip. Co. v. Credit All. Corp*., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."). Under the FCRA, the maximum punitive damage award allowable for a plaintiff is $100,000. *See* § 760.11(5), Fla. Stat. Thus, Plaintiff's request for punitive damages under the FCRA, alone, satisfies the "amount in controversy" requirement. *Id*.; *Cowan v. Genesco, Inc*., Case No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, at *4 n.7 (M.D. Fla. July 14, 2014) ("[*McDaniel*, 568 Fed. Appx. 729, 731] can be read as supporting the conclusion that a plaintiff's mere request for punitive damages under the FCRA, given the $100,000 statutory limit, would satisfy the amount in controversy.").

24. Given the facts alleged in the Complaint – namely, that Plaintiff was intentionally discriminated against on the basis of his race and national origin, and was subsequently retaliated against for engaging in a protected activity – **$15,000.00** in punitive damages is an appropriate

---

[4] $215,057.44 + $15,000 = **$230,057.44**.

estimate of what she could likely recover if the allegations are proven beyond a preponderance of the evidence.[5]

25. Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FCRA, to the amount in controversy calculation, there is no question that the amount in controversy well exceeds the $75,000.00 threshold. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation).

26. Therefore, because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

### III. REMOVAL TO THE SOUTHERN DISTRICT OF FLORIDA IS PROPER

27. Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Southern District of Florida, Miami Division ("Southern District of Florida"), is the judicial district and division embracing the Eleventh Judicial Circuit, where this case was brought and is pending, and is therefore the proper district court and division to which this case must be removed.

### IV. ALL REQUIREMENTS NECESSARY FOR REMOVAL HAVE BEEN MET

28. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders that have to date been served upon Defendant or filed in the State Court Action are attached hereto as Exhibit "A."

29. There are no motions currently pending in this action in the Eleventh Judicial Circuit. Accordingly, there are no pending motions or documents being filed along with this Notice of Removal, as would otherwise be required.

---

[5] $230,057.44 + $15,000 = **$245,057.44.**

30. Pursuant to 28 U.S.C. §1446(d), promptly after the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal will be served upon the following counsel for Plaintiff via email: Peter M. Hoogerwoerd, Esq., Remer & Georges-Pierre, PLLC, pmh@rgpattorneys.com.

31. Further, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, along with Defendant's Notice to Plaintiff of Removal, will be filed with the Clerk of the Court for the Eleventh Judicial Circuit. *See* Notice of Removed Action, attached as Exhibit C.

WHEREFORE, Defendant respectfully gives notice of the removal of this action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Dated: April 9th, 2021

Respectfully submitted,
**FORDHARRISON LLP**

By: *Fabian A. Ruiz*

Marilyn G. Moran
Florida Bar No. 163813
mmoran@fordharrison.com
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
(407) 418-2300  Telephone
(407) 418-2327  Facsimile

Fabian A. Ruiz
Florida Bar No. 117928
fruiz@fordharrison.com
1 SE 3rd Avenue, Suite 2130
Miami, Florida 33130
(305) 808-2100  Telephone
(305) 808-2101  Facsimile

*Attorneys for Defendant*
Walmart Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida e-Filing Portal Electronic Docketing System. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by Florida's e-Filing Portal Electronic Docketing System or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
pmh@rgpattorneys.com

**FORDHARRISON LLP**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz

WSACTIVELLP:12192257.1