# EXHIBIT A

Filing # 121482418 E-Filed 02/16/2021 03:32:15 PM

3/10/2021
9:00 AM
1-5-71
DD.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DEMETRICE SPANN,

CASE NO. 2021-003279-CA-01

    Plaintiff,

v.

WALMART INC.,
a Foreign For-profit Corporation,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO: WALMART INC.**, through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

2/18/2021

CLERK                                          DATE
310009
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DEMETRICE SPANN,   CASE NO.

    Plaintiff,

v.

WALMART INC.,
a Foreign for-Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DEMETRICE SPAN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WALMART INC. ("Defendant"), a Foreign for-Profit Corporation; and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for declaratory and injunctive relief and damages under the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq.* ("FCRA") to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race and national origin, as well as retaliation based on that discrimination.

2. Plaintiff was at the time of employment and continues to be, a resident of Miami-Dade County, Florida.

3. Plaintiff was an employee of Defendant, which at all pertinent times had a storefront location at 9191 West Flagler Street, Miami, Florida 33147 – located in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County, Florida because all of the actions complained of herein occurred within Miami-Dade County, Florida and damages are due in Miami-Dade County, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

6. Defendant is a "person" within the purview of the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA.

8. Plaintiff is a Black individual and is a member of a class of persons protected from discrimination in her employment under the FCRA.

9. Plaintiff previously filed a timely charge of employment discrimination – on or about May 20, 2019 – with the Equal Employment Opportunity Commission (EEOC), which was dually filed with the Florida Commission on Human Relations.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

12. On or about September 30, 2009, Plaintiff – a Black, African American individual – was hired by Defendant as a store associate.

13. Over the years, Plaintiff was promoted at her job with Defendant. On or about June 2014, Plaintiff became Assistant Manager for one of Defendant's stores.

14. Prior to March 2019, Plaintiff enjoyed her employment with Defendant and did not have any major challenges with Defendant's other employees or assigned duties.

15. Throughout Plaintiff's employment with Defendant, a majority of Assistant Managers and other supervisors were White and Hispanic.

16. On or about January 2019, Plaintiff took a leave of absence from her position due to a medical issue suffered by Plaintiff.

17. During Plaintiff's leave of absence, Plaintiff's cousin – who works at the same store as Plaintiff – informed Plaintiff that she was going to be reprimanded upon Plaintiff's return to work due to placing merchandise in a wrong area.

18. Plaintiff returned to her position on or about March 2019.

19. Upon Plaintiff's return, Plaintiff reached out to Defendant's "Ethics Department" raising concerns about the confidentiality of employee reprimands and seeking to solve the problem. Defendant's Ethics Department confirmed receipt of Plaintiff's complaint and informed Plaintiff that the Ethics Department would have a reply within seven (7) to ten (10) business days.

20. Plaintiff never received a response from Defendant's Ethics Department.

21. Shortly after raising a complaint to Defendant's Ethics Department, Plaintiff started receiving disparate treatment from other employees in Defendant's store.

22. This disparate treatment also came from a Store Manager – who is Black and of Hispanic national origin – Jonathan Williams ("Williams"). Williams would consistently undermine

3

Plaintiff's authority in front of other employees and thoroughly question Plaintiff's decisions – something which did not occur to other Assistant Managers at Defendant's store.

23. Hoping to solve the issue, Plaintiff complained to Williams about the disparate treatment Plaintiff was experiencing from Williams. Williams largely ignored Plaintiff's complaint and took no affirmative actions to cure the disparate treatment Plaintiff was experiencing.

24. On or about March 22, 2019, Plaintiff's grandmother tragically passed away. Plaintiff submitted a request to Williams to use three (3) days of Paid Time Off ("PTO") to grieve Plaintiff's loss and support her family.

25. Williams denied Plaintiff's request, citing a lack of managers who could cover Plaintiff's shifts. Williams indicated that next week would be better for Plaintiff to take time off.

26. Plaintiff did not miss any shifts following her grandmother's death.

27. The funeral of Plaintiff's grandmother was scheduled for the following Saturday, on or about March 30, 2019.

28. Plaintiff submitted another request to use some PTO to be able to attend her grandmother's funeral. This request was also denied by agents of the Defendant.

29. Plaintiff ultimately attended her grandmother's funeral to celebrate her grandmother's life and to help Plaintiff's family grieve their loss.

30. Plaintiff worked for about another week at Defendant's store following her grandmother's funeral.

31. Plaintiff was terminated by Defendant on or about April 7, 2019 by co-manager Darryl – on the instructions of Williams. Defendant claimed that Plaintiff was terminated due to not following certain store procedures.

32. However, White, Hispanic Assistant Managers – Luis Grande ("Grande") and Eric Gonzales ("Gonzales") – also did not follow standard store procedures. Grande and Gonzales kept their employment with Defendant and were not terminated by Defendant.

33. Any reason proffered for the termination of Plaintiff's employment is mere pretext for unlawful discrimination.

34. Plaintiff's performance at all times has been satisfactory or above satisfactory

## COUNT I
### *Race Discrimination in Violation of the FCRA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. Plaintiff is a member of a protected class under the FCRA.

37. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

38. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination, but for the fact that Plaintiff is Black.

39. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful, but acted in reckless disregard of the law.

40. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

41. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

42. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has

been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

43. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

44. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

45. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of the FCRA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

47. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues § 760.10, which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

48. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

49. The Plaintiff is of African American national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

50. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African American employees were not overseen as thoroughly and were subject to different standards from Plaintiff.

51. The Plaintiff was terminated as a result of her national origin and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

52. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

53. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

54. Plaintiff was qualified for her position with Defendant.

55. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

56. Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

57. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute § 760, which protects a person from discrimination because of race and national origin.

58. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

62. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful, but acted in reckless disregard of the law.

63. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

65. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: *February 10, 2021*

                                                  Respectfully submitted,

                                                  */s/ Peter M. Hoogerwoerd, Esq.*

                                                  Peter M. Hoogerwoerd, Esq.
                                                  Fla. Bar No.: 0188239
                                                  Ivette Rabeiro, Esq.
                                                  Fla. Bar. No. 1026822
                                                  Email: pmh@rgpattorneys.com
                                                  **Remer & Georges-Pierre, PLLC**
                                                  44 West Flagler Street, Suite 2200
                                                  Miami, FL 33130
                                                  (305) 416-5000- Telephone
                                                  (305) 416-5005- Facsimile

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Demetrice Spann</u>
 Plaintiff                                                   Case # _____
                                                            Judge  _____

vs.
<u>Walmart Inc.</u>
 Defendant

    **II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.    TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>     Fla. Bar # <u>188239</u>
              Attorney or party              (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>          <u>02/10/2021</u>
(type or print name)          Date

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|
| DEMETRICE SPANN, | CASE NO. 2021-003279-CA-01 |
| Plaintiff, | |
| v. | |
| WALMART INC., a Foreign For-profit Corporation, | |
| Defendant. _____/ | |

**SUMMONS IN A CIVIL CASE**

**TO: WALMART INC.**, through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

DEMETRICE SPANN,            CASE NO. 2021-003279-CA-01

    Plaintiff,

v.

WALMART INC.,
a Foreign For-profit Corporation,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO: WALMART INC.**, through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                                         2/18/2021

_____            _____
CLERK                                        DATE
310009
(BY) DEPUTY CLERK